89 F.3d 827
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patsy DARNELL, as next friend and Guardian of Cecil Curtis
Hammonds, Plaintiff-Appellant,
v.
Darrell McMURRAY, Sheriff Scott County Sheriff's Department;
Ed Johnson, Virginia State Police; M.A. Spivey, Virginia
State Police; Jerry Broadwater, Sheriff of Scott County in
his official capacity only, Defendants-Appellees,
and
James P. Bledsoe; Unknown Members Virginia State Police;
Unknown Members Scott County Sheriff, Defendants.
 No. 95-2710.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1996.
Decided June 13, 1996.
 
 ARGUED: Thomas Lee Rasnic, RASNIC & RASNIC, Jonesville, Virginia, for Appellant. Peter Robert Messitt, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees. ON BRIEF: James S. Gilmore, III, Attorney General of Virginia, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia; Beth Osborne Skinner, WOODWARD, MILES & FLANNAGAN, P.C., Bristol, Virginia; Henry Keuling-Stout, KEULING-STOUT & BRADSHAW, Big Stone Gap, Virginia, for Appellees.
 Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 In November 1989, Virginia law enforcement officials were notified that Cecil Curtis Hammonds, who was known to suffer from some type of mental impairment,* had threatened a family member's life with a shotgun. After obtaining a Civil Mental Temporary Detention Order from a Virginia Special Justice, the officials went to Hammonds's residence in order to detain him. When the officials arrived, Hammonds appeared on his porch, shotgun in hand, then disappeared into his home and refused repeated requests to surrender. Several hours later, after Hammonds had continued to refuse to emerge from his home, the officers began to use tear gas in an effort to force Hammonds to exit. Hammonds responded by firing his shotgun at the officers. Only after an officer had suffered a gunshot wound in his neck and shoulder and after a fire had erupted in Hammonds's home as a result of the use of flammable tear gas, did Hammonds surrender.
 
 
 2
 Appellant Patsy Darnell, acting as Hammonds's next friend and guardian, filed a claim under 42 U.S.C. § 1983 in the United States District Court for the Western District of Virginia against several of the officials, contending that Hammonds's rights under the Fourth Amendment and Virginia law had been violated. A motion for summary judgment followed and was granted in the defendants' favor. We have thoroughly reviewed the opinion of the district court and are satisfied that the grant of summary judgment was proper.
 
 Accordingly, the judgment is
 
 3
 AFFIRMED.
 
 
 
 *
 A psychiatrist who examined Hammonds immediately following his detention testified that he believed Hammonds suffered from either acute schizophrenia or a manic-depressive disorder